# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green
Richard D. Willstatter

(914) 948-5656
Fax (914) 948-8730

e-mail: willstatter@msn.com

July 7, 2016

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *United States v. John Doe*
          15 CR 302 (MKB)

Dear Judge Brodie:

  The defense opposes the government's application, filed this evening, seeking to adjourn the sentencing proceedings scheduled for July 14, 2016.

  The guilty plea was entered before Magistrate Judge Levy on April 8, 2016 and the date for sentencing was scheduled 13 weeks later. The Court's Individual Rules require defense counsel's written submission to be filed five business days before sentencing and for the government's submission to be made two business days before the date of sentencing. The defendant complied with the Court's Individual Rules. If the government wanted to have more time after receiving the defendant's submission to respond, it could have proposed a different schedule from the normal procedure called for by the Court's rules. Such an application could have been made well in advance of the scheduled date for defense counsel's submission.

  The defendant has already filed his objections to the draft PSR and there is no reason why the government cannot also file its objections, if any.

  Notably, there is only one sentencing guidelines dispute that must be resolved: whether to apply a three-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(2)(C) for brandishing or threatening the use of a dangerous weapon. The plea agreement explicitly provides that the parties dispute the application of this guideline. The issue was flagged for the parties before the plea was even entered and was discussed on the record during the Rule 11 allocution.[1]

---

[1]  In addition, although the government apparently told the Probation Officer that Munther Omar Saleh admitted he had an open knife in his hand when he got out of the car on June 13, 2015 (and that statement was contained in the draft PSR), the government has agreed that Saleh never said this and consented to correcting the PSR in that regard.

Finally, the government alludes to a supposed "assertion that the only basis for detaining the defendant pretrial was factually incorrect." Govt. Ltr. 2. But the defendant did not make any such assertion. In our Sentencing Memorandum, we argued that "The government successfully sought the defendant's detention *partly based on* what has been revealed to be entirely false allegations." Sent. Mem. 5 (emphasis added). The government cannot dispute that one of the bases on which it sought detention was factually incorrect but we never suggested there was no other basis on which the government could seek detention.

There are no extraordinary circumstances requiring an adjournment.

For these reasons, the Court should direct the government to abide by its Individual Rules.

                Very truly yours,

                /s/
                RICHARD D. WILLSTATTER

cc:    Douglas Pravda, Esq.
       Ian Richardson, Esq.
       Alexander Solomon, Esq.
       Assistant US Attorneys