# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green
Richard D. Willstatter

(914) 948-5656
Fax (914) 948-8730

e-mail: willstatter@msn.com

November 4, 2016

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

                Re: *United States v. Rabbani*
                     15 CR 302 (MKB)

Dear Judge Brodie:

      The agents seized personal property of the defendant in this case which has not been returned to him despite our repeated requests. A variety of personal property was seized[1] but we urgently sought his copies of his Social Security card, his New York State Identification card, and his birth certificate. Those items should be returned forthwith to the defendant pursuant to Fed. R. Crim. P. 41(g).

      "Rule 41(g) of the Federal Rules of Criminal Procedure authorizes '[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property' to move for the property's return 'in the district where the property was seized.' Under Rule 41(g), federal courts 'have equitable jurisdiction * * * [to] order the return of property that is in the hands of the government.' *Bertin v. United States*, 478 F.3d 489, 492 (2d Cir. 2007); *see also Diaz v. United States*, 517 F.3d 608, 611 (2d Cir. 2008) (accord)." *Lugo v. United States*, 2014 U.S. Dist. LEXIS 67129 (E.D.N.Y. May 14, 2014).

      Here, the property belongs to Mr. Rabbani, the property in question is not contraband, and the government's need to retain this property has ended. *See U.S. v. David*, 131 F.3d 55, 59 (2d Cir. 1997) ("[U]pon the termination of criminal proceedings, seized property, other than contraband, should be returned to the rightful owner.") (quotations and citation omitted)); *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) ("To prevail on a [Rule 41(g)] motion, a [petitioner] must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not

---

[1] The government maintains that it needs to hold onto the defendant's iPhone as it may be relevant to the trial of the Munther Saleh. It is difficult to understand why this is so as the government has obtained and disclosed the "file system" for that phone which was produced to the defendant and to Mr. Saleh's counsel.

contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.")(quotations and citation omitted)).

The government has agreed to get us the documents we are seeking but has failed to do so. On September 27, 2016, defense counsel specifically requested at least these documents immediately. The BOP has told the defendant that he cannot be considered for RRC or halfway house if he cannot produce these documents.[2] On September 30, 2016, the government agreed we could have them. On October 16, 2016, counsel again reminded the government of our need for the documents. On October 19, 2016, the government said that the documents would be coming soon ("not too much longer"). On November 1, 2016, I pointed out that two weeks had elapsed with no word.

For these reasons, the Court should direct the government to provide the defendant with his property–at least the documents–forthwith.

Very truly yours,

/s/_____
RICHARD D. WILLSTATTER

cc: Douglas Pravda, Esq.
     Ian Richardson, Esq.
     Alexander Solomon, Esq.
     Assistant US Attorneys

---

[2] From counsel's point of view, this is nonsensical since the PSR (as adopted by the Court) shows that the defendant is a United States citizen and a resident of New York State. It appears to me that this is BOP's excuse for denying Mr. Rabbani RRC time.